PER CURIAM:
Claimant seeks an award of $6,000.00 for damage to her property located at Lick Creek, Boone County, in the vicinity of Danville, West Virginia. Claimant alleges that respondent's negligent installation of a bridge at that location resulted in erosion to her property.
Claimant testified that she owns approximately one acre of property with 45-50 feet of frontage on Lick Creek. A bridge crosses Lick Creek in front of claimant's property. Lick Creek flows between claimant's property and Lick Creek Road. Claimant stated that there is an area on her property of approximately 46 feet in length which has been eroded by the Lick Creek. This eroded area has cut back into her property approximately four feet. She attributed the erosion to the lack of an adequate retaining wall adjacent to the bridge abutment.
Claimant stated that Lick Creek Road is a two-lane, blacktop road. The bridge is one lane and is seven or eight feet long and is made of concrete with steel siding and rails. There are very large stones placed along the bank adjacent to the abutment.
Claimant testified that in November of 1986, when the area had very high water due to torrential rains, the water flowed across the bridge as the space beneath the bridge was not adequate to carry the water. Prior to that time she had not experienced erosion on her property. She stated that debris, limbs and rocks gather under the bridge. The creek is normally approximately ten inches deep and three feet wide.
Claimant stated that the bridge was in the same location in December of 1984 as it is today. She also confirmed the fact that the creek bank has not been altered since December, 1984. She agreed that the eroded section is located on her property and not on respondent’s right-of-way. She stated that she entered the creek, took the stone, placed the stone against the bank, and then poured cement on top of this stone. She did this in an attempt to alleviate the erosion to her property.
*25 Dale Edward Blount, Maintenance Assistant in Boone County for respondent, testified that he and David Starcher visited claimant's property on November 18, 1986, at her request. He took photographs and observed the erosion on the bank of claimant's property. He returned later in December with equipment and attempted to clean out debris from under the bridge. However, he was unable to do so due to lack of access to the creek.
He reviewed the bridge inspection reports for the years 1977, 1980,1983 and 1986. From these reports, he discerned that the house was constructed after the bridge. The 1986 report features the house. He stated that he observed no damage to the bridge from water. He also stated that at the time he inspected claimant's property and took the photographs, the lawn went all the way to the creek bank.
Joseph Thomas Deneault, Assistant District Maintenance Engineer for District 1 for respondent, testified that he is familiar with the bridge which is the subject to this action. He stated that the alignment of the creek is the same today as it was in 1976 when he first observed it. However, he stated that the configuration of the bottom and sides of the creek have changed. In his professional opinion, this bridge is in the correct alignment for the creek. He stated that the stream alignment in October of 1977, when the bridge was inspected, is the same as it is today. He noted that to his knowledge, since 1976, the respondent has done nothing to alter the stream bank or the channel. It is his opinion that the preparation of the property in advance of construction of the house led to the erosion of the bank of claimant's property.
After careful consideration of all of the evidence presented, the Court concludes that the damage to claimant's property did not result from lack of maintenance of the bridge. It is apparent that other factors, including excessive rainfall and the preparation of claimant's property for construction, contributed to the water problems. As there was no negligence established on the part of the respondent, the Court must disallow the claim.
Claim disallowed.